**Sandra ADICKES, Plaintiff,**

**v.**

**S. H. KRESS & COMPANY, Defendant.**

United States District Court
S. D. New York.
Feb. 26, 1966.

Donner & Piel, New York City, Eleanor Jackson Piel, New York City, of counsel, for plaintiff.

Donovan, Leisure, Newton & Irvine, New York City, Sanford M. Litvack, Alfred H. Hoddinott, Jr., New York City, of counsel, for defendant.

BONSAL, District Judge.

Defendant, S. H. Kress & Company (Kress), moves for summary judgment pursuant to Rules 12 and 56, F.R.Civ.P. Plaintiff cross moves for an order granting leave to plaintiff to amend her complaint pursuant to Rule 15, F.R.Civ.P.

On November 12, 1964, plaintiff commenced this action to recover damages under Title 42 U.S.C. § 1983.* Her complaint alleges that defendant, acting both under color of state law (Count I) and in conspiracy with the Chief of Police of Hattiesburg, Mississippi, and his agents (Count II), denied plaintiff service at defendant's lunch counter in Hattiesburg because she sought to eat in the company of Negroes. Plaintiff also seeks an order for leave to amend her complaint to allege a third cause of action (Proposed Third Count) under Sections 1 and 2 of the Civil Rights Act of 1875 (Act of March 1, 1875, ch. 114, 18 Stat. 335).

■■ For the purposes of defendant's motion for summary judgment, the allegations and inferences of fact set forth in the pleadings, affidavits and other materials before the court must be viewed in the light most favorable to the plaintiff, United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962), and summary judgment may be granted only if there is "no genuine issue as to any material fact." Rule 56(c), F.R.Civ.P.

The undisputed facts for the purposes of this motion are as follows:

During the summer of 1964, the plaintiff, a white New York City school teacher, was a volunteer Freedom School teacher in Hattiesburg, Mississippi. On August 14, 1964, plaintiff and six Negro students sought to integrate the Hattiesburg Public Library, but were refused the use of its facilities and shortly thereafter the library was closed by the Chief of Police of Hattiesburg. On leaving the library, plaintiff and the six students proceeded to a Woolworth store for the purposes of eating lunch and, on the way, plaintiff observed policemen following them. Since the Woolworth store was crowded, the plaintiff and her group went to defendant's store and sat down in two lunch booths and ordered lunch. The waitress took the orders of the six Negroes, but refused to take plaintiff's order. The six Negroes refused to eat unless plaintiff was served. They left the store and had proceeded only a short distance when a police officer, previously observed by plaintiff, arrested her for vagrancy.

*Count I of Plaintiff's Complaint:*

■■ In Count I of her complaint, plaintiff alleges that defendant has denied her the "equal enjoyment of a place of public accommodation by reason of her association with Negroes." She grounds her cause of action on 42 U.S.C. § 1983, which provides that any person who "under color of" state law deprives another of "rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law * * *."

Defendant argues that mere private discrimination is not encompassed by § 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883). In addition, defendant refers to recent cases holding that a restaurant owner who refuses service on racial grounds pursuant to common law permitting the owner to "select his patrons as he desires," but not compelling him "to segregate customers" does not act under color of law. Williams v. Howard Johnson's Inc. of

* "§ 1983. Civil action for deprivation of rights
  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Washington, 323 F.2d 102, 105 (4th Cir. 1963); Williams v. Lewis, 342 F.2d 727 (4th Cir. 1965), cert. denied, Williams v. Howard Johnson's Inc. of Washington, 382 U.S. 814, 86 S.Ct. 30, 15 L.Ed.2d 61 (1965); Williams v. Hot Shoppes, Inc., 110 U.S.App.D.C. 358, 293 F.2d 835 (1961), cert. denied, 370 U.S. 925, 82 S.Ct. 1562, 8 L.Ed.2d 505 (1962); Williams v. Howard Johnson's Restaurant, 268 F.2d 845 (4th Cir. 1959).

However, as pointed out in various law review articles, the concept of "state action" has been greatly expanded in recent years. Lewis, "The Meaning of State Action," 60 Colum.L.Rev. 1083 (1960); Pollak, "Racial Discrimination and Judicial Integrity: A Reply to Professor Wechsler," 108 U.Pa.L.Rev. 1 (1959); Van Alstyne and Karst, "State Action," 14 Stan.L.Rev. 3 (1961). To satisfy the requirement of "state action" in this case, the plaintiff points to Mississippi Code, § 2046.5 (1956), which provides:

"Business customers, patrons or clients—right to choose—penalty for violation.

1. Every person, firm or corporation engaged in any public business * * * in the State of Mississippi * * * [is] authorized and empowered to refuse to sell to, wait upon or serve any person that the owner, manager or employee of such public place of business does not desire to sell to, wait upon or serve * * *.

* * * * * *

3. Any person who enters a public place of business in this state * * * and is requested or ordered to leave therefrom by the owner, manager or any employee thereof, and * * * refuses so to do, shall be guilty of a trespass * * *."

Therefore, the Mississippi Code, unlike the common law rulings interpreted in the *Williams* cases, does more than authorize a restaurant owner to choose its customers. It provides a criminal sanction against anyone who is requested to leave, but refuses to do so.

In Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948), the Supreme Court held that implementation of private discrimination by the state's use of its legal powers constitutes a violation of the equal protection clause. In interpreting the scope of the 14th Amendment, the Civil Rights Act of 1964 states that:

"(d) Discrimination or segregation by an establishment is supported by State action * * * if such discrimination or segregation * * * (2) is carried on under color of any custom or usage required or enforced by officials of the State or political subdivision thereof * *." 42 U.S.C. 2000a(d).

Therefore, if plaintiff can show that defendant discriminated against her pursuant to a custom enforced by the State under Mississippi Code, § 2046.5, of refusing service to whites in the company of Negroes, she will satisfy the state action requirement of 42 U.S.C. § 1983.

Defendant asserts that it refused to serve plaintiff only out of fear that a riot would otherwise have occurred. Plaintiff denies, however, that an "explosive situation" existed and states that when she asked why her order was not taken, defendant's waitress replied, "We have to serve Negroes, but we are not serving whites who come in with them." There is no evidence as to whether defendant's store manager had knowledge of Mississippi Code, § 2046.5 or was influenced by it in ordering the waitress not to serve plaintiff. Under these circumstances, the court cannot say that there is no genuine issue as to any material fact. For these reasons, defendant's motion for summary judgment as to Count I of plaintiff's complaint is denied and plaintiff will be permitted to amend Count I of her complaint to allege state action pursuant to Mississippi Code, § 2046.5.

*Count II of Plaintiff's Complaint:*

■■ In Count II of her complaint, plaintiff alleges that defendant conspired with the Hattiesburg police department

to deprive her of constitutional rights, but after extensive pretrial discovery, plaintiff has failed to allege any facts from which a conspiracy might be inferred. As stated by Judge Weinfeld in Morgan v. Sylvester, 125 F.Supp. 380 (S.D.N.Y.1954), aff'd, 220 F.2d 758 (2d Cir. 1955), cert. denied, 350 U.S. 867, 76 S.Ct. 112, 100 L.Ed. 768 (1955):

> "Fully recognizing that conspiracies are rarely proved by direct evidence, nonetheless some evidence, however slight, must be offered of a fact from which a reasonably-minded person can draw an inference of the alleged conspiracy."

The court finds no evidence in the complaint or in the affidavits and other papers from which a "reasonably-minded person" might draw an inference of conspiracy. See also Dale Hilton, Inc. v. Triangle Publications, Inc., 27 F.R.D. 468 (S.D.N.Y.1961).

Moreover, the defendant and the members of the Hattiesburg police force involved in the plaintiff's arrest have denied under oath that any conspiracy in fact existed The plaintiff may not defeat defendant's motion for summary judgment on the mere hope that she will be able to discredit these denials by cross-examination at trial. Dyer v. MacDougall, 201 F.2d 265 (2d Cir. 1952). For these reasons, defendant's motion for summary judgment as to Count II is granted.

*Proposed Third Count.*

By motion to amend her complaint, plaintiff seeks to add a third count under Sections 1 and 2 of the Civil Rights Act of 1875 (Act of March 1, 1875, ch. 114, 18 Stat. 335). Section 1 of that Act provides that, "all persons * * * shall be entitled to the full and equal enjoyment of the accommodations * * * and privileges of inns, public conveyances * * *, theatres, and other places of public amusement * * *." Section 2 of the Act provides for a civil action by any person aggrieved under the law whereby such person may recover in damages the sum of $500.00. Act of March 1, 1875, § 2, ch. 114, 18 Stat. 336.

Sections 1 and 2 of the Civil Rights Act of 1875 were declared unconstitutional in the Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883), but have never been repealed by Congress. In view of the Supreme Court's decisions in Heart of Atlanta Motel, Inc. v. United States, 379 U.S. 241, 85 S.Ct. 348, 13 L. Ed.2d 258 (1964) and Katzenbach v. McClung, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964), declaring constitutional the public accommodations section, Title II, of the Civil Rights Act of 1964 (42 U.S.C. § 2000a et seq.), there is authority for judicial revival of the 1875 sections. Nimmer, "A Proposal for Judicial Validation of a Previously Unconstitutional Law: The Civil Rights Act of 1875," 65 Col.L.Rev. 1394 (1965).

However, not even the broadest interpretation of "inns" as used in the 1875 Act could encompass the defendant's lunch counter. See, Nimmer, "Judicial Validation," supra, at pp. 1396–1397 and cases cited. For this reason, it is unnecessary to decide whether Sections 1 and 2 have been or can be revived, and plaintiff's motion to amend her complaint to add a cause of action thereunder is denied.

The parties will settle an order in accordance with the foregoing.

Settle order on notice.