**Louis DeCARLO, Plaintiff,**

v.

**JOSEPH HORNE AND COMPANY,**
**Defendant.**

Civ. A. No. 65–1211.

United States District Court
W. D. Pennsylvania.

March 31, 1966.

Gustave Wilde, Pittsburgh, Pa., for petitioner.

D. H. Trushel, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this civil jury proceeding under the Civil Rights Statute in which the petitioner claims the right to recover damages against the Joseph Horne Company for denial of civil rights, the immediate matter before the Court is defendant's Motion to Dismiss.

The Court has conducted full and complete oral arguments on the issues and made an exhaustive and meticulous review of the authorities in this area of the law. The legal question presented is one of first impression since the authorities cited by counsel are inapposite.

The defendant contends that the alleged deprivation of the plaintiff's civil rights by the employees of the Joseph Horne Company was not done under color of state law as required by 42 U.S.C.A. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, priv-

936

ileges, or immunities secured by Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The defendant asserts that there are many cases which have been decided under the Civil Rights Act, including the Third Circuit, which hold that a plaintiff may not recover under the Statute for deprivation of rights by private persons. Defendant further states that the acts of the employees could not be done under color of state law because the Professional Thieves Act of June 24, 1939, P.L. 872, § 821, 18 Pa.P.S. § 4821, is silent as to who has the right to arrest.

It is the plaintiff's contention that the acts of the defendant employees were clearly done "under color of state law" by virtue of the Professional Thieves Act, the Statute under which the plaintiff was arrested.

Plaintiff asserts that, clothed with this statutory authority, the defendant arrested him and thereafter deprived him of his civil rights.

It is apparent therefore that for all intents and purposes this argument crystallizes itself into the resolution of one major issue, that being whether or not the defendants were acting under color of state law when they allegedly violated the plaintiff's constitutional rights. Therefore, consideration must be given to the background of the Professional Thieves Act which is the statute in question and which was originally enacted on June 7, 1901, as modified in 1931.

■ The Civil Rights Statute does not designate what constitutes "under color of any statute, ordinance, regulation, custom, or usage, of any State", or what persons are susceptible to prosecution under the Civil Rights Act so that each case must depend on its background, facts and circumstances in applying the Act.

There can be no dispute that prior to the enactment of the Professional Thieves Act, no right existed at common law for the persons specified under the

Statute to make a lawful arrest of a party who was on the premises for an unlawful purpose. It must be concluded, therefore, that the Statute vested in such specified persons the authority to make such an arrest which did not previously exist at common law, by virtue of the Act.

As to the defendant's further contention that even if a lawful arrest within the provisions of the Professional Thieves Act of 1939 is "under color of state statute", the statute itself is silent as to any right of the defendant to make a lawful arrest. The Act in issue reads as follows:

Whoever, being charged before a magistrate with being a professional thief, burglar, or pick-pocket, after having been arrested, if it shall be proven to the satisfaction of the said magistrate, by sufficient testimony, that he was frequenting or attending any place for an unlawful purpose, he shall, upon conviction in a summary proceeding, be sentenced to imprisonment for a term not exceeding ninety (90) days, at labor, or, in the discretion of the magistrate, be required to enter security for his good behavior for a period not exceeding one (1) year.

■ Although the 1939 Statute does not designate who shall have the authority to arrest such offenders, the Pennsylvania cases which have interpreted the Statute have done so in light of the original statute enacted on June 7, 1901, and given the construction that the 1939 Statute would not limit the original act which stated, "[A]nd who shall have been arrested by any police officer, detective, constable, sworn peace officer, or watchman," but rather enlarged it. Commonwealth v. Ginsberg et al., 143 Pa.Super. 317, 18 A.2d 121 (1940). Therefore, it would appear that the Joseph Horne Company detective was empowered to make a valid legal arrest under the Professional Thieves Act of 1939.

Furthermore, it cannot be said that the arresting parties by exceeding their authority after the arrest are not covered by the Civil Rights Statute because the misuse of that power possessed by virtue

of state law and made possible only because the wrongdoer is clothed with the authority of state law is action pursued under color of state law within the meaning of 42 U.S.C.A. § 1983, United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941); Screws v. U. S., 325 U.S. 91, 65 S.Ct. 1021, 89 L.Ed. 1495 (1944).

In view of the foregoing, I must conclude that the agent of the defendant was acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" within the meaning of the Civil Rights Act when the alleged constitutional deprivations occurred.

I can see no practical or substantial legal distinction between this case where a store detective is legally entitled to make an arrest under a state statute specifically implemented for this purpose which implicitly clothes the defendant with such right, and in so doing, violates the accused's constitutional rights, and a situation where a police officer in making an arrest by virtue of his authority impinges upon the same rights.

An appropriate Order is entered.

Motion denied.