**Margie J. WEYANDT, Plaintiff,**

v.

**MASON'S STORES, INC., (Pa.-3), Walter Ellis, trading and doing business as Investigation & Protective Service, also known as I. P. S. Detective Agency, Nadean Matlack, Gerald Prouix, John Price, Donald Fowkes and W. Don Marlin, Justice of the Peace, Defendants.**

**Civ. A. No. 67-972.**

United States District Court
W. D. Pennsylvania.

Feb. 9, 1968.

284

John Daley and James H. Brennan, of Brennan & Brennan, Pittsburgh, Pa., for plaintiff.

Carl A. Eck, of Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for defendants Walter Ellis and Nadean Matlack.

Edward A. Mihalik, of Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for defendants Mason's Stores, Inc. and Gerald Prouix.

Amos Davis, Altoona, Pa., for defendant Donald Fowkes.

Lisle A. Zehner, Pittsburgh, Pa., for defendant John Price.

Alan Krier, of Jubelirer & Carothers, Altoona, Pa., for defendant W. Don Marlin.

## OPINION

MARSH, District Judge.

Plaintiff has brought this two-count action for redress of the alleged depriva-

tion, under color of Pennsylvania law, of rights, privileges or immunities secured to her by the Fourteenth Amendment of the Constitution of the United States and for recovery of damages for the alleged conspiracy of defendants to deprive her of the equal protection of the laws or of equal privileges and immunities under the laws, as provided by §§ 1981, 1983, 1985, and 1986, Title 42 U.S.C. Since plaintiff does not aver racial discrimination, § 1981 is plainly inapplicable. Section 1986 relates to the neglect or refusal of persons with knowledge thereof to act to prevent the commission of the wrongs proscribed by § 1985; but plaintiff avers that all defendants were participants in the alleged conspiracy. It is therefore evident that plaintiff's action is addressed to §§ 1983 and 1985. Jurisdiction is conferred by § 1343, Title 28 U.S.C.

The action is directed against Mason's Stores, Inc. (Mason), owner of a store wherein certain events recited in plaintiff's Complaint are alleged to have occurred; its store manager, Gerald Prouix; Walter Ellis, proprietor of a detective agency employed by Mason to protect its store; Nadean Matlack, a private detective in the employ of Ellis and assigned to the Mason store; John Price, a police officer of Logan Township, Blair County, Pennsylvania; Donald Fowkes, a deputy constable of Logan Township, Blair County, Pennsylvania; and W. Don Marlin, a justice of the peace of Logan Township, Blair County, Pennsylvania. The Complaint against defendant Marlin was dismissed by order of this court of December 7, 1967, on motion for judgment on the pleadings, on the grounds that as a justice of the peace, defendant Marlin was immune from liability for damages. Pierson v. Ray, 386 U.S. 547, 553–555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Bauers v. Heisel, 361 F.2d 581, 584 (3d Cir. 1966).

Defendants Mason, Prouix, Ellis and Matlack have moved to dismiss the action against them on grounds, inter alia, that they did not act "under color of any statute, ordinance, regulation, custom or usage"; that plaintiff pleads no facts which could warrant any inference that they participated in any conspiracy to deprive her of any civil rights; and, there being no diversity of citizenship, that this court has no jurisdiction over tort actions for false arrest, false imprisonment and assault, as averred in ¶ 4 of the Complaint.

We think the motions of these defendants should be granted and plaintiff's action against them dismissed.

■■ On motion to dismiss, the allegations of the Complaint and the inferences to be drawn therefrom must be taken most strongly in plaintiff's favor. Valle v. Stengel, 176 F.2d 697, 701 (3d Cir. 1949). It is likewise axiomatic that in an action for damages under the Civil Rights statutes, the plaintiff must allege highly specific facts. United States ex rel. Hoge v. Bolsinger, 211 F.Supp. 199 (W.D.Pa.1962), aff'd 311 F.2d 215 (3d Cir. 1962), cert. denied 372 U.S. 931, 83 S.Ct. 878, 9 L.Ed.2d 735 (1963); Pugliano v. Staziak, 231 F.Supp. 347, 349 (W.D.Pa.1964), aff'd 345 F.2d 797 (3d Cir. 1965).

Plaintiff alleges that on January 13, 1967 she was a customer in the Mason store located at Pleasant Valley Boulevard and Route 220, Altoona, Blair County, Pennsylvania. She alleges that while there for the purpose of making purchases she was confined by store manager Prouix in a private office where she was slapped and beaten by Prouix and other Mason employees and by defendant Matlack; refused her request for permission to contact her attorney; and forcibly restrained from leaving the office when she attempted to do so. Though plaintiff does not say so, her further allegations make clear that defendants Prouix and Matlack suspected her of shoplifting.

She alleges that when defendants Price and Fowkes arrived at the scene, she was outside the door of the office and continued walking out of the store followed by Price, Fowkes and Prouix,

until she reached a distance of approximately 500 feet outside the store, whereupon she was grabbed by Price and bodily carried through spectators back into the store and into the same office and again forcibly restrained.

She alleges that Matlack, Price and Fowkes insisted she sign a confession, which she refused to do; and that under compulsion she was forced to expose her person and forcibly searched. Thereafter Matlack, Price and Prouix forcibly escorted her to an automobile and Fowkes and Matlack took her before the justice of the peace who charged her with aiding and abetting a shoplifter[1] and resisting arrest. Asked how she pleaded, plaintiff said she needed counsel. The justice told her she must post $38 cash bail to be released. She called for bail but was committed to Blair County jail for a number of hours, on instructions of the justice, until bond was placed.

Subsequently, a summons was served on her to answer a charge of shoplifting on a complaint filed by defendant Matlack. At a hearing held on Friday, January 20, 1967, before the same justice of the peace, the charge was dismissed.

In addition to the averments of false arrest, false imprisonment and assault, plaintiff alleges that she was deprived of her right to counsel and was committed to jail under color of a charge for which no crime exists in Pennsylvania (¶ 4 of the Complaint).

Count One, in which all of the above events are alleged, appears intended to state a claim under 42 U.S.C. § 1983, whereby:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ A threshold issue in actions based on § 1983 is whether the alleged tortfeasor acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." For action to be taken under color of State law requires "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, * *." United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941); accord Monroe v. Pape, 365 U.S. 167, 184, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Since the moving defendants are private individuals and a private corporation, plaintiff resorts to several arguments in an attempt to establish that defendants were "clothed with the authority of state law".[2]

Plaintiff first seeks support from 18 Purdon's Pa.Stat.Ann. § 4816.1(b) which provides in part that persons concealing unpurchased goods "may be detained, in a reasonable manner and for a reasonable length of time, by a peace officer or a merchant or a merchant's employe in order that recovery of such goods may be effected. Such detention by a peace officer, merchant or a merchant's employe shall not render such peace officer, merchant or merchant's employe, criminally or civilly, liable for false arrest, false imprisonment or unlawful detention."

Section 4816.1 is the shoplifting statute of the Pennsylvania Penal Code. The quoted portion of § 4816.1(b) as applied to a merchant or to a merchant's employee, obviously is intended merely to license a qualified right of self-help to effect the recovery of concealed un-

---

1. As stated infra, the charge was later changed to shoplifting.

2. The moving defendants do not contend that the police officer and deputy constable were not acting under color of law; we infer from the allegations of the Complaint that they were.

purchased goods. The permitted action furthers purely private interests and the statute designates such action as a "detention" rather than an arrest.

 , The fallacy of plaintiff's argument appears to be in equating acting under license of state law with acting under authority of state law. The same may be said of the contention, advanced at oral argument, that defendants Ellis and Matlack were acting under authority of state law if they were licensed under the Pennsylvania Private Detective Act of 1953, 22 Purdon's Pa.Stat.Ann. § 11 et seq. The nomenclature of this Act, however, is sufficient indication that it is an Act licensing purely private action and invests the licensee with no authority of state law.[3] It may be relevant to note in this connection that it is well settled that an attorney's status as an "officer of the court" does not make him an officer of the Commonwealth of Pennsylvania or of any governmental subdivision thereof. Cooper v. Wilson, 309 F.2d 153, 154 (6th Cir. 1962); Kenney v. Fox, 232 F.2d 288, 289–290 (6th Cir. 1956); Pritt v. Johnson, 264 F.Supp. 167, 169 (M.D.Pa.1967); Pugliano v. Staziak, supra, 231 F.Supp. at p. 351 n. 5; Rhodes v. Meyer, 225 F.Supp. 80, 93–94 (D.Neb.1963).

At oral argument, plaintiff also cited Williams v. United States, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951), a criminal action under what is now 18 U.S.C. § 242, whose language respecting color of law parallels that of the civil statute, § 1983 of Title 42 U.S.C. Williams was indeed a private detective, but he also held a special police officer's card issued by the City of Miami, Florida, and had taken an oath and qualified as a special police officer. In committing the assaults he was charged with, he went about flashing his badge. The Court concluded that "petitioner was no mere interloper but had a semblance of policeman's power from Florida." Williams v. United States, supra, p. 100, 71 S.Ct. p. 578. Plaintiff does not ascribe any such powers either to store detective Matlack or to Matlack's employer Ellis. Private detectives or guards who are also deputized members of a municipal police force stand in a different position. Cf. National Labor Relations Board v. Jones & Laughlin Steel Corp., 331 U.S. 416, 67 S.Ct. 1274, 91 L.Ed. 1575 (1947).

Some cases have implied that private individuals who join or cooperate with state officers acting under color of state law may be subject to civil liability under § 1983.[4] In construing the similarly-worded criminal statute, 18 U.S.C. § 242, the Court does say in Williams v. United States, supra, 341 U.S. p. 100, 71 S.Ct. 576, that "the aegis of the State" was conferred upon the proceedings by the presence of a regular police officer who was detailed to attend. This was but in confirmation, however, of the state authority possessed by Williams, as evidenced by other facts.

 One who merely obeys a police order as a private citizen does not act under color of state law. Henig v. Odorioso, 385 F.2d 491 (3d Cir. 1967). Similarly, mere initiation of a prosecution does not expose one to liability under the Civil Rights statutes. Cf. Cuiksa v. City of Mansfield, 250 F.2d 700, 704 (6th Cir. 1957). Since we hold, infra, that Count Two fails to state a claim for conspiracy because the allegations are conclusory, color of law cannot be said to attach to the acts of these private individuals by adoption of a conspiracy between peace officers. Cf. Picking v.

3. Cf. DeCarlo v. Joseph Horne and Company, 251 F.Supp. 935 (W.D.Pa.1966), wherein the court concluded that a store detective was empowered to make a valid legal arrest under the Professional Thieves Act of 1939; hence, in so doing, was acting under color of law. It is to be noted that the Court found the Act of 1939 conferred the authority of state law upon his action, not his status as a "detective".

4. In addition to the cases discussed, infra, cf. also, Hoffman v. Halden, 268 F.2d 280, 298, n. 23 (9th Cir. 1959); Baldwin v. Morgan, 251 F.2d 780, 788 (5th Cir. 1958); Johnson v. Crumlish, 224 F.Supp. 22, 25–26 (E.D.Pa.1963).

Pennsylvania R. Co., 151 F.2d 240 (3d Cir. 1945).[5] The police officer and deputy constable are not alleged to have used state authority to aid and abet the corporate defendant and its employees in effectuating a company policy, so as to impute color of law by attributing the officers' acts to the private parties. Cf. Valle v. Stengel, supra, 176 F.2d p. 702. Nor do the allegations of this Complaint create an inference of private participation in official lawlessness, amounting to wilful concert with state officers in a joint activity from start to finish. Cf. United States v. Price, 383 U.S. 787, 794–795, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). The test of color of law, it has been said, "can rarely be satisfied in the case of anyone other than a state official." Jobson v. Henne, 355 F.2d 129, 133 (2d Cir. 1966).

■ Since we conclude that no action is stated against these private defendants under § 1983 because they did not act under color of law, we need not consider at length whether the allegations of the Complaint, viewed most favorably to her, support plaintiff's conclusion that she was deprived of "rights, privileges, or immunities secured by the Constitution and laws." We do note, however, that no right to counsel attached at any stage of the proceedings when she claims such right was denied, and that, so far as appears, plaintiff was accorded due process of law. Although plaintiff also alleges she was "forcibly searched and under compulsion was forced to expose her person", she does not allege such specific facts as would support an inference that the police officer and deputy constable clearly lacked probable cause to arrest and search her because they lacked any basis for a well-founded belief that she concealed unpurchased goods on her person.[6] If plaintiff was committed to jail on an erroneous charge, she alleges no facts attributing this error to any person who remains a defendant in this action. She alleges some specific facts tending to support the allegation of an assault, but her redress for an intentional tort must be sought in the state courts, absent diversity of citizenship and a federal question.

We next consider whether in Count Two plaintiff has stated a cause of action under § 1985(2) and (3) for conspiracy with intent to deny, or for the purpose of depriving, plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws.[7]

■ Broad, conclusory allegations of conspiracy are insufficient to state a cause of action. Negrich v. Hohn, 379 F.2d 213 (3d Cir. 1967). Plaintiff seeks to satisfy this requirement by incorporating by reference into Count Two all the allegations of Count One. No additional facts are averred to identify acts of conspiracy; plaintiff relies on establishing an inference of conspiracy from the sum of the facts alleged in

---

5. Overruled on other grounds.

6. Cf. Henig v. Odorioso, 256 F.Supp. 276, 280 (E.D.Pa.1966) : "The fatal defect in the complaint is the absence of any allegation that Officers Fleming and Jansen lacked probable cause to detain and search the minor plaintiff for the offense of shoplifting."

7. "(2) * * * [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws * * *."
"(3) * * * If two or more persons in any State or Territory conspire

* * * for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; * * * in any case , of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators. (R.S. § 1980.)"

Count One. A complaint sounding in conspiracy likewise is not sufficient merely because it alleges concerted action resulting in intentional torts of assault, false arrest and false imprisonment. Section 1985 requires also a purposeful intent to deny to a citizen the equal protection of the law. Cf. Snowden v. Hughes, 321 U.S. 1, 8–10, 64 S.Ct. 397, 88 L.Ed. 497 (1943); Hoffman v. Halden, 268 F.2d 280, 290–291 (9th Cir. 1959).[8]

To support her contention that her Complaint is sufficient, plaintiff relies on Wakat v. Harlib, 253 F.2d 59 (7th Cir. 1958). The latter case, however, reflects a markedly different set of circumstances.[9] After similar burglaries and fires at two die and tool companies, police arrested Wakat as the suspect "because he had a criminal record and had worked at both of the burglarized places." Wakat v. Harlib, supra, p. 61. Wakat was detained for six days without being charged with a crime; barred from the right to give bail; denied the privilege of seeing his attorney; and coerced by brutal force into signing a confession later used to convict him. These incidents were shown to be the result of concerted action by the defendants, a police captain, a lieutenant, and three police officers, each of whom played a continuing part in a series of acts of physical violence aimed at obtaining plaintiff's confession and conviction. These efforts were unrelenting until Wakat's confession had been obtained.

█ Plaintiff here, on the other hand, states that although then being forcibly restrained, she refused to sign a confession when several of the defendants insisted she do so. She also states that she was taken before a justice of the peace who asked how she pleaded and released her after bond had been placed. Acquittal of the charge filed against her followed a week later. Plaintiff's own averments indicate that defendants Prouix and Matlack acted to bring her before the proper authority promptly. Her averments likewise negative any inference that in the proceedings before the justice of the peace any of the defendants attempted to interfere with due process of law. Nothing like the concerted unrelenting actions of the police defendants in Wakat v. Harlib, supra, is alleged. There is no indication that any of the defendants had any knowledge even of plaintiff's existence until they became aware of her presence in the store. Contrary to her allegation of a conspiracy, her Complaint suggests that events thereafter happened suddenly and with complete spontaneity.

Plaintiff also fails to establish how she was deprived of the *equal* protection of the laws. She does not claim to be the member of a discriminated class. The Court said of Wakat that he was treated differently because he had a record of conviction for crime and that this was discrimination based upon a classification created by the police. Plaintiff makes no claim of this sort. From the oral argument of her counsel, we gather it is plaintiff's contention that she was deprived of *equal* protection of the laws, or *equal* privileges and immunities under the laws, because her treatment was not the treatment that would have been or should have been accorded a person in similar circumstances.

The Supreme Court was presented with this argument in Collins v. Hardyman, 341 U.S. 651, 661–662, 71 S.Ct. 937, 942, 95 L.Ed. 1253 (1951). The plaintiff charged defendants with breaking up plaintiffs' meeting by threats and vio-

---

8. Unlike § 1983, § 1985 does not enunciate color of law as an additional requisite, but the majority of the Courts read the color of law requirement into this section. See: Henig v. Odorioso, supra, 385 F.2d at p. 494, n. 6, and cases therein cited. See also, Hoffman v. Halden, supra, 268 F.2d at p. 291.

9. This case, like the instant action, was in two counts under §§ 1983 and 1985 but aside from a procedural question, the appellate opinion treats solely the sufficiency of Count I as the statement of a cause of action for conspiracy under § 1985.

**290**

lence. In holding that plaintiffs' complaint did not state a cause of action for conspiracy under 8 U.S.C. § 47(3) (now transferred to 42 U.S.C. § 1985(3)), the Court said:

"What we have here is not a conspiracy to affect in any way these plaintiffs' equality of protection by the law, or their equality of privileges and immunities under the law. There is not the slightest allegation that defendants were conscious of or trying to influence the law, or were endeavoring to obstruct or interfere with it. The only inequality suggested is that the defendants broke up plaintiffs' meeting and did not break up meetings of others with whose sentiments they agreed. To be sure, this is not equal injury, but it is no more a deprivation of 'equal protection' or of 'equal privileges and immunities' than it would be for one to assault one neighbor without assaulting them all, or to libel some persons without mention of others. Such private discrimination is not inequality before the law unless there is some manipulation of the law or its agencies to give sanction or sanctuary for doing so. Plaintiffs' rights were certainly invaded, disregarded and lawlessly violated, but neither their rights nor their equality of rights under the law have been, or were intended to be, denied or impaired. Their rights *under the laws* and to *protection of the laws* remain untouched and equal to the rights of every other Californian, and may be vindicated in the same way and with the same effect as those of any other citizen who suffers violence at the hands of a mob."

 Accepting all her allegations as true and construing them most favorably to her, plaintiff's Complaint avers no facts which would support an inference that defendants conspired to manipulate the law or its agencies to deny plaintiff the equal protection of the laws. The allegations of a conspiracy are conclusory and therefore insufficient.

We hold that plaintiff has failed to state a cause of action under §§ 1983 and 1985 against defendants Mason, Prouix, Ellis and Matlack. If any of these defendants has wronged the plaintiff by tortious acts, her appropriate redress is through an action in the state courts.

An appropriate order will be entered.