Howard **WARREN**, Theresa Warren, Gloria Warren, Stephen Warren, David Warren, Shirley Warren, minors, by their father and next friend, Edward Warren, and Edward and Carmen Warren, individually, Plaintiffs,

v.

William **CUMMINGS**, John Cummings, John Robertson, Paul T. McCabe, and Ronald E. Greenbaum, Defendants.

Civ. A. No. C–1366.

United States District Court
D. Colorado.

Sept. 12, 1969.

David B. Savitz, Denver, Colo., for plaintiffs.

William P. Sullivan, Denver, Colo., for defendants William Cummings and John Cummings.

John M. Healey, Denver, Colo., for defendant John Robertson.

Joseph N. Lilly, Denver, Colo., for defendant Paul T. McCabe.

Tilly & Graves, by Ronald O. Sylling, Denver, Colo., for defendant Ronald E. Greenbaum.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

The action herein arises under 28 U.S.C.A. § 1343 and 42 U.S.CA. § 1983. It alleges deprivation of civil rights in connection with an arrest. The defendants William Cummings, John Cummings and John Robertson have moved to dismiss. Plaintiff Howard Warren alleges that:

On June 16, 1967 he entered Rex Liquors in Denver and there purchased and consumed a soft drink. After leaving the store he was set upon by defendant John Cummings, an agent of defendant William Cummings, who was later joined by defendants William Cummings (the proprietor of Rex Liquors) and Robertson, and was arrested. Robertson identified himself as being either a detective or a probation officer. Plaintiff was confined and detained by these defendants until he was taken into custody by Denver police officers. Plaintiff further alleges that the defendants acted in concert under color of law to deprive him of his rights of freedom from unlawful arrest, search and seizure.

The motions to dismiss are based on defendants' contention that this Court has no jurisdiction over the subject matter of the controversy since it does not appear from the facts alleged that defendants acted "under color of any statute, ordinance, regulation, custom or usage of any State", as is required by the statute under which this action is brought (42 U.S.C.A. § 1983). We agree with defendants that their acts were not under color of state law.

Plaintiff's contention that defendant Robertson acted under color of state law is grounded, in part, upon Robertson's identification of himself as some sort of law enforcement officer, even though Robertson was not, in fact, any type of officer. This basis is clearly insufficient. The Civil Rights Act requires some vesting of authority by the state, and defendant's self-proclaimed authority will not suffice. *See* Monroe

v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961); United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941). The wrongdoer must actually represent the state whereby his act is the act of the state, or there is no action under color of state law. Screws v. U. S., 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945).

A further basis for plaintiff's invoking federal jurisdiction arises from his argument that defendants acted under color of state law by virtue of 63 C.R.S. § 39–2–20, and that defendants John and William Cummings acted under color of state law by virtue of 63 C.R.S. § 40–5–31. 63 C.R.S. § 39–2–20 provides, in pertinent part, that "an arrest may be made by an officer *or by a private person* without warrant, for a criminal offense committed in his presence * * *." (Emphasis supplied.) 63 C.R.S. § 40–5–31 provides that in a case of suspected shoplifting in any store or mercantile establishment, "the merchant or any employee thereof * * * acting in good faith and upon probable cause based upon reasonable grounds therefor, may question such person, in a reasonable manner for the purpose of ascertaining whether or not such person is guilty of shoplifting * * *." Plaintiff says that these statutes vested defendants with the authority to act as agents of the state, and thus under color of state law.

■ The requirement of color of state law can rarely be satisfied by action on the part of one who is not a state official. Jobson v. Henne, 355 F.2d 129 (2d Cir. 1966). Section 1983 was intended to enforce the provisions of the Fourteenth Amendment, and the question of "state action" under that Amendment is not unlike the question of "under color of" state law under Section 1983. United States v. Price, 383 U.S. 787 at 794 n. 7, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966). The earlier cases, though talking in general terms about "representatives" of the state, referred specifically to *officers* and *agents* when deciding whether there was state action. Home Telephone & Telegraph Co. v.

Los Angeles, 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913); Ex parte Virginia, 100 U.S. 339, 25 L.Ed. 676 (1880). Although no Supreme Court case has decided a question precisely the same as the instant one, the implication arising from all of the decisions considering Section 1983 is that some direct vesting of authority by the state is necessary to bring an individual within the ambit of that section. *See* Monroe v. Pape, *supra;* United States v. Classic, *supra;* Screws v. United States, *supra.*

■ It follows, of course, that where individuals act "in the ambit of their personal pursuits" they do not act under color of state law. Watkins v. Oaklawn Jockey Club, 183 F.2d 440 (8th Cir. 1950). In the case at bar there can be no question about the defendants John and William Cummings acting for their own purposes, and not on behalf of the state, when they detained plaintiff. The reasoning of Weyandt v. Mason's Stores, Inc., 279 F.Supp. 283 (W.D.Pa.1968) is most persuasive in its discussion of the status of a shopkeeper and his agent under a statute such as 63 C.R.S. § 40–5–31. A Pennsylvania statute permitted the detention of suspected shoplifters by the store management. In an action under Section 1983 the court held that the state statute merely granted a *license* under state law to detain a suspect; it did not invest the individual with the *authority* of state law. *Accord,* Van Daele v. Vinci, 294 F.Supp. 71 (N.D. Ill.1968). We read the Colorado statute in the same way. 63 C.R.S. § 40–5–31 is intended merely to license a shopkeeper to undertake self-help to protect his property—it does not vest him with the authority of the state. The actions of John and William Cummings were in pursuit of their own personal interests even under 63 C.R.S. § 39–2–20, and as such their action cannot be considered to have been taken under color of state law.

The status of defendant Robertson under 63 C.R.S. § 39–2–20 is somewhat different than that of John and William Cummings in that he was not an agent of William Cummings and was not ad-

vancing any personal economic interest. He was merely participating in the action, so to speak, on a gratuitous basis. The question as to him is whether a citizen, arresting a suspected criminal pursuant to 63 C.R.S. § 39–2–20, and having no personal interest in the individual's apprehension, is acting under color of state law as required for a cause of action under Section 1983.

It is superficially arguable that the state in allowing a private citizen to aid it in the function of arresting suspected criminals is sharing its sovereignty. No case which we have discovered adopts this thesis. To so hold would subject every citizen to potential liability as a civil rights violator, a result which Congress surely did not intend. In Monroe v. Pape, Justice Douglas stated the main purpose of that section to be:

> [T]o afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges, and immunities guaranteed by the Fourteenth Amendment might be denied by the *state* agencies. 365 U.S. at 180, 81 S.Ct. at 480 (Emphasis added.)

In light of this purpose courts have consistently held that one acts under color of state law only when he is a state officer. Jobson v. Henne, *supra*.

It is true that cases dealing with Section 1983 often use broad language as to its scope, yet these cases all deal with state officers performing the duties of their office. Screws v. United States, *supra*; United States v. Classic, *supra*; Monroe v. Pape, *supra*. There are instances where one not a state officer has been found to be acting under color of state law, but he was usually performing a *duty* imposed by the state (Campbell v. Glenwood Hills Hospital, Inc., 224 F. Supp. 27 (D.Minn.1963)), or was performing an act *expressly authorized* by the state (Williams v. United States, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951)).

Plaintiff cites no case, and the Court's research has disclosed none, which directly supports plaintiff's position. The closest case is DeCarlo v. Joseph Horne and Co., 251 F.Supp. 935 (W.D.Pa.1966), where a state criminal statute which had been interpreted by the Pennsylvania courts as permitting a·store detective to arrest one suspected of violating that statute, was considered sufficient to have the detective act under color of state law. However, the statute in that case created a crime unknown to common law, and the authority to arrest under that statute was purely a creature of the legislature. In the instant case there is a common law right of a citizen to make an arrest where a crime is committed in his presence, and the Colorado statute merely codifies that right—it does not add to the common law or encourage the activity (as it would if, for example, it granted immunity from suit to those making such an arrest).

The mere existence of this common law right is not such significant state involvement as to make Robertson an agent of the state. In the analogous state action cases it has been required that the state *enforce* or *require adherence* to some unconstitutional private act—the mere fact that the state common law or custom *permits* the act is not sufficient to support a finding of state action. Williams v. Howard Johnson's Restaurant, 268 F.2d 845, 847 (4th Cir. 1959); Adickes v. S. H. Kress & Co., 252 F.Supp. 140 (S.D.N.Y.1966); Harrison v. Murphy, 205 F.Supp. 449 (D.Del. 1962).

In *Adickes, supra,* a state statute permitted a restaurant owner to serve or refuse to serve whomever he pleased. When an owner refused to serve a white person accompanied by Negroes under this rule, his action was held to be state action only because the state *enforced* this discriminatory custom through penalties for criminal trespass. Under a similar statute (though without the criminal penalties) in Harrison v. Murphy, *supra,* the court drew the critical distinction between what an individual

may voluntarily do and what he is *required* to do under state law—the latter only is state action.

■ Nor does it appear that there is in Colorado a history of constitutional violations by citizens making arrests under this statute, so that existence of the statute, or even the common law rule, could be regarded as the state's vehicle for committing these violations. *See* Reitman v. Mulkey, 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1967). All we have here is the state authorization. There is not the slightest indication of state encouragement, participation or cooperation. Consequently, we see nothing in the nature of partnership with or agency of the state. Hence, Robertson was not representing Colorado. He was acting on his own. Section 1983 is not available to plaintiff.

The motions of defendants John Cummings, William Cummings and Robertson to dismiss should be, and the same are hereby granted. The complaint and the cause of action as to them are dismissed.