**UNITED STATES of America ex rel. Louis WALKER**

v.

**A. T. RUNDLE, Superintendent.**

**Civ. A. No. 71–322.**

United States District Court, E. D. Pennsylvania.

June 22, 1971.

Louis Walker, pro se.

A. T. Rundle, pro se.

MEMORANDUM OPINION

JOSEPH S. LORD, III, District Judge.

Habeas corpus. On January 8, 1969, relator pled guilty in the Delaware County Court of Common Pleas to the crime of larceny and receiving stolen goods (Bill of Indictment No. 660, September Sessions, 1968). At the same time two other Bills of Indictment (Nos. 661, 662) were apparently nolle prossed. A sentence of one and one-half to three

years was thereupon imposed under Bill No. 660.

Relator now attacks the validity of his guilty plea. He has exhausted his state remedies on this issue.

Relator received a full, fair and adequate hearing in the state court on June 27, 1969, and we feel it is unnecessary to conduct an evidentiary hearing in this court. 28 U.S.C. § 2254(d). To sketch the background of this case, we note that the allegedly stolen air conditioners were in the rear of relator's closed panel truck. Relator and his passenger were prepared to drive off from their parking spot located to the rear of the Sears department store. At this point the Sears security officer approached the truck.

There is some dispute as to what relator's counsel was told regarding the actions of the Sears security officer. Relator testified that he told his counsel that the security officer prevented him from moving the truck (4, 5).[1] In the lawyer's testimony, however, there was no mention that he was advised that his client's freedom of movement had been arrested in any manner. At all events, it was established that counsel was told that the security officer asked if he could see the truck's contents, and the relator voluntarily obliged (31). Relator and his friend voluntarily removed the cartons from the truck (32). Thereupon the two men fled the scene, but they were apprehended by the local police shortly thereafter.

Though this plea was before Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which had only prospective effect, e. g., United States ex rel. Wiggins v. Pennsylvania, 430 F.2d 650 (C.A.3, 1970), there was an on the record examination into the voluntariness and intelligence of the plea. Relator's sole contention is that the air conditioners were evidence which should have been suppressed, and that it was incompetent of his attorney to advise a guilty plea without having pressed, or at least having advised him of the availability of, a motion to suppress. Relator argues that the air conditioners were the fruit of an arrest and search which violated certain provisions of the United States Constitution. We need not decide whether this Fourth Amendment argument should prevail. Rather, all we need decide is whether a lawyer exercising the customary skill and knowledge prevailing in Philadelphia in 1969 would necessarily have concluded that the suppression issue would present at least a "close case" to the trial court. United States ex rel. Watson v. Mazurkiewicz, 326 F.Supp. 622 (E.D.Pa., filed May 11, 1971). The following considerations dispose of this issue:

*First.* The Fourth Amendment is directed at the federal government and its agencies, e. g., Brulay v. United States, 383 F.2d 345 C.A. 9, cert. denied 389 U.S. 986, 88 S.Ct. 469, 19 L.Ed.2d 478 (1967), and it is not even arguable that any federal action was involved in this case. The first section of the Fourteenth Amendment inhibits "only such action as may fairly be said to be that of the States." Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1947). Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). There is a serious question whether the arrest or search in this case, carried out by a Sears security guard, involved state action. *Compare* Hill v. Toll, 320 F.Supp. 185 (E.D.Pa., 1970); DeCarlo v. Joseph E. Horne & Co., 251 F.Supp. 935 (W.D.Pa., 1966) *with* Warren v. Cummings, 303 F.Supp. 803 (D.Colo., 1969); Weyandt v. Mason's Stores, Inc., 279 F.Supp. 283 (W. D.Pa., 1969).

*Second.* Even assuming that counsel knew that the truck was prevented from moving and further assuming that he concluded that the security officer acted on mere suspicion, it seems doubtful that such detention would vitiate the consent to the search. Government of

---

1. All page references are to the transcript of the Pennsylvania Post Conviction Hearing Act hearing held June 27, 1969.

Virgin Islands v. Berne, 412 F.2d 1055 (C.A.3), cert. denied 396 U.S. 837, 90 S. Ct. 96, 24 L.Ed.2d 87 (1969). Consequently, it would have been reasonable for counsel to conclude that the search itself was valid, United States ex rel. Harris v. Hendricks, 423 F.2d 1096 (C. A.3, 1970), and also that, because of the intervention of the consent, the air conditioners were not the fruit of an unlawful arrest, *see* Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L. Ed.2d 441 (1963).

No doubt there are other considerations which bear upon the likelihood that a motion to suppress would have succeeded. However, we decide that the considerations discussed above are sufficient to indicate that counsel's advice was "within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

### ORDER

And now, this 22nd day of June 1971, it is ordered that relator's petition for the writ of habeas corpus be and it hereby is denied.

There is no probable cause for appeal.