Willis JENKINS, Plaintiff,

v.

WHITE CASTLE SYSTEMS, INC., et al., Defendants.

No. 79 C 1225.

United States District Court, N. D. Illinois, E. D.

March 31, 1981.

Ernest T. Rossiello, Chicago, Ill., for plaintiff.

J. Stanley Clark, Epton, Mullin, Miller & Druth Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Roy C. Dennis ("Dennis") is the only remaining defendant in this action originally brought by Willis Jenkins ("Jenkins") under 42 U.S.C. § 1983 ("Section 1983") against Dennis, White Castle Systems, Inc. ("White Castle") and Rainey Security, Inc. ("Rainey"). Jenkins alleges that Dennis, an employee of Rainey, unlawfully beat and arrested Jenkins while assigned to duty as a security guard at a White Castle restaurant. Dennis has moved to dismiss this action for lack of jurisdiction, claiming that his alleged conduct was not "under color" of state law—a prerequisite to maintaining an action under Section 1983. For the reasons stated in this memorandum opinion and order, Dennis' motion is granted.

Dennis is employed by Rainey, an Illinois corporation, as a licensed security guard. Rainey has contracted to provide White Castle with certain security guard services, and pursuant to that agreement Dennis was assigned to the White Castle restaurant at 1550 East 79th Street in Chicago. It was there that on September 14, 1978 Dennis

allegedly engaged in the unlawful actions on which this lawsuit is based.

Were Dennis employed by the State of Illinois, there would be a direct predicate for arguing that he acted "under color" of state law in allegedly beating and arresting Jenkins, rendering this action maintainable under Section 1983. Jenkins contends that the same conclusion follows from Illinois' extensive mandatory regulation and licensing scheme for detectives and investigators (the "Illinois Detective Act"), with which Dennis is required to comply and under which he is licensed. Ill.Rev.Stat. ch. 111, §§ 2601–39 (see particularly § 2639, which gives the state and not any local government unit the exclusive "power to regulate the private Detective Business"). Jenkins cites two district court decisions in which actions were held maintainable under Section 1983 against "private detectives" licensed in Pennsylvania and South Carolina. *DeCarlo v. Joseph & Co.*, 251 F.Supp. 935 (W.D.Pa.1966); *Thompson v. McCoy*, 425 F.Supp. 407 (D.S.C.1976).

■ Existence of a state licensing scheme does not necessarily make a licensee's actions those of the state for either Fourteenth Amendment or Section 1983 purposes. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972). Rather, as stated by our Court of Appeals in *Doe v. Bellin Memorial Hospital*, 479 F.2d 756, 761–62 (7th Cir. 1973) (citations omitted):

> The "under color of" provision encompasses only such private conduct as is supported by the state. That support

may take various forms, but it is quite clear that a private person does not act under color of state law unless he derives some "aid, comfort or incentive," either real or apparent, from the state. Absent such affirmative support, the statute [Section 1983] is inapplicable to private conduct.

■ Under that test, nothing in the Illinois Detective Act renders the action of a licensee "state" action for Section 1983 purposes. That Act does set out extensive licensing and registration requirements. But it authorizes no actions by licensees on behalf of the state, nor does a license grant any otherwise unauthorized authority.[1] In short, although a "detective" must be licensed under the Act, a license does not afford the licensee any particular "aid, comfort or incentive" from the state.[2]

*DeCarlo* and *Thompson* are plainly distinguishable. In each of those cases the statute specifically authorized "detectives" to make arrests[3]—effectively a grant of police authority. In that respect this action is more closely analogous to *Weyandt v. Mason's Stores, Inc.*, 279 F.Supp. 283 (W.D.Pa. 1968), which held that a Pennsylvania statute (different from the one at issue in *DeCarlo*) authorizing department store detectives temporarily to detain suspected shoplifters did not render such detentions "under color" of state law.

Jenkins has thus failed to support the conclusory allegation that Dennis' claimed conduct giving rise to this lawsuit was undertaken "under color" of state law. Because Jenkins has alleged no other basis for federal jurisdiction, the action must be dismissed in its entirety.

1. It is of course unlawful for a person to engage in the detective business without a license. But the same may be said of beauticians, real estate brokers or the myriad other occupations licensed by the state.

2. Jenkins' particular reliance on Section 2639 of the Act, which gives the state exclusive regulatory power over detectives, simply does not address the proper "state action" inquiry. That provision does nothing more than preclude local regulation of the "detective" business.

3. Jenkins alleges that he was illegally *arrested* by Dennis. Although the facts surrounding that arrest, including Dennis' purported authority for doing so, are not made clear by the submissions to this Court, Jenkins relies exclusively on the Detective Act in maintaining that Dennis acted "under color" of state law. Because that Act does not authorize licensees to make arrests (certainly Section 2639, the only provision cited by Jenkins, does not do so), it cannot form the basis for Jenkins' claim with respect to the arrest.

*Conclusion*

Dennis' motion is granted.  This action is hereby dismissed.