**Max D. PRICE, Plaintiff-Appellant,**

v.

**Robert J. BAKER, Individually and as Sheriff of the County of Custer, State of Colorado, and as Town Marshal of the Town of Westcliffe, Colorado, and Lola M. Baker, Defendants-Appellees.**

No. 81–1184.

United States Court of Appeals, Tenth Circuit.

Dec. 1, 1982.

Maurice R. Franks, Pueblo, Colo., for plaintiff-appellant.

David R. Brougham, Hall & Evans, Denver, Colo., for defendant-appellee Robert J. Baker.

John A. McDermott, Canon City, Colo., for defendant-appellee Lola M. Baker.

Before SETH, SEYMOUR and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is a civil rights action under 42 U.S.C. § 1983 with jurisdiction conferred by 28 U.S.C. § 1343. The district court directed a verdict in favor of the defendants and the plaintiff appeals. We affirm.

About midnight on July 30–31, 1979, a series of street brawls occurred on the main street of Westcliffe, Colorado. Plaintiff-appellant Price and a number of others had spent the evening in a local bar. They left shortly before the midnight closing time. A series of fights, accompanied by loud shouting of profanities and obscenities, then occurred. These events lead to the incidents of which plaintiff complains.

Westcliffe, population 300, is the county seat of Custer County, Colorado, area 737 square miles, population 1,400. Appellee-defendant Robert Baker, the elected county sheriff, drew a salary of $3,600 a year, and supplemented that by distributing milk products. Defendant-appellee Lola Baker, his wife, assisted him by doing clerical work and handling telephone calls. Lola was not an officer, employee, or agent of Custer County or the State and received no compensation from either. She often accompanied her husband when he went on night patrol. She did so as a companion and not in any official capacity.

On the evening of Sunday, July 30, the two were on patrol and came upon a car stalled on a road curve. To move the car the sheriff needed a vehicle other than the patrol car. He and his wife were on their way to get the desired vehicle when they came upon a street brawl. The sheriff broke up the disturbance. The participants moved down the street and continued fight-

ing. The sheriff drove to the place of the renewed altercation and endeavored to stop it and to get the participants to return to their homes. After the sheriff had left the patrol car with his wife sitting in the front passenger seat, Scott Canda, one of the brawlers, entered the back seat of the patrol car. Plaintiff also got in the back seat. He and Canda continued to exchange blows and profanity. The sheriff was outside the car. Some witnesses said that he was on the right side, others the back, and others the left side of the car. He was trying to quell the disturbance.

The wife shouted to plaintiff and Canda that they stop the fighting. The sheriff was having his own troubles outside of the car. The wife struck plaintiff in the mouth with a Rol-a-Tape, a measuring instrument. The blow caused dental injuries to the plaintiff. Shortly thereafter the disturbance ended and everyone departed.

In his complaint plaintiff alleged that the negligence of the sheriff caused his injuries and gave him a cause of action under § 1983. With regard to the wife, he said that she was a deputy officer acting under color of state law and, hence, liable under § 1983.

Mindful of the admonition in *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 722, 81 S.Ct. 856, 860, 6 L.Ed.2d 45, that in a civil rights case the court must sift the facts and weigh the circumstances, the court conducted a two day jury trial and after each side had rested directed a verdict for the defendants. The court gave its reasons in a written order filed the day after the conclusion of the trial. R. 50.

With regard to the liability of sheriff Baker, the court found, R. 51:

"... Sheriff Baker faithfully and competently discharged his duties as such Sheriff in attempting to subdue breaches of the peace and restoring law and peace to the community of Westcliffe during a period of great turmoil."

We agree.

Plaintiff argues that the sheriff was negligent and that negligence suffices to support a § 1983 action. At the time of the blow the sheriff had not placed plaintiff, or anyone else, under arrest. Canda entered the patrol car voluntarily and plaintiff voluntarily pursued him into the car. Their fighting and shouting continued in the car. The sheriff gave no orders to his wife. A lone man in a belligerent group, he was trying to quell a disturbance. He did not know, and had no reason to know, that his wife would strike the plaintiff.

We recognize the uncertainty whether negligence will support a § 1983 action. See *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420; *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433; and *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24. We need not be concerned with those cases or the decisions which hold that the Due Process Clause does not extend the right to be free from torts of persons acting under color of state law in the absence of a specific constitutional guaranty. See *Paul v. Davis,* 424 U.S. 693, 700–702, 96 S.Ct. 1155, 1160–1161, 47 L.Ed.2d 405; *Screws v. United States,* 325 U.S. 91, 108–109, 65 S.Ct. 1031, 1038–1039, 89 L.Ed. 1495; and *Martinez v. California,* 444 U.S. 277, 285, 100 S.Ct. 553, 559, 62 L.Ed.2d 481. Nothing in the record shows any negligence on the part of the sheriff. Acting under color of state law, he performed his duties competently in difficult circumstances. The plaintiff's failure to establish negligence makes it unnecessary to decide the applicability of § 1983 to provide the relief which the plaintiff seeks.

With regard to Lola Baker, plaintiff contends that she was a de facto deputy acting under color of state law. She had no official capacity and was with her husband on a night patrol as a companion. At the time of the blow to the plaintiff she was in the car with two burly men fighting in the back seat. The sheriff was out of the car and gave no directions to the wife. The wife acted alone in difficult circumstances. Assault and battery are torts for which adequate state remedies are provided.

Lola Baker was clothed with no authority under state law. See *Munroe v. Pape,* 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492. The Court has said that the "under

color" requirement is satisfied if an individual "is a willful participant in joint activity with the State or its agents." *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267. Neither the sheriff nor his wife were willful participants in the disturbance. The sheriff was doing his duty to maintain order. No authority was directly or indirectly vested in the wife. See *Warren v. Cummings,* D.C. Colo., 303 F.Supp. 803, 804–805 and cases there cited. She acted individually on her own volition to quiet a disturbance in the back seat of the car in which she was the only other occupant. Her action was not under the color of state law. The court properly directed a verdict in her favor as a matter of law.

Our disposition of the case makes it unnecessary to consider the trial errors which plaintiff claims. He had full and fair opportunity to present his case before a judge whose patience was sorely tested.

Affirmed.