**DE VASTO v. HOYT et al. (two cases).**

**HORNBECK v. HOYT et al.**

United States District Court.
S. D. New York.
Dec. 31, 1951.

Henry Hirschberg, of Newburgh, N. Y. (Ernest M. Levinson, of Newburgh, N. Y., on the brief), for plaintiffs.

Clare J. Hoyt, Dist. Atty. of Orange County, N. Y., and James P. Cassidy, Asst. Dist. Atty., both of Newburgh, N. Y., for defendant Hoyt.

Herbert F. O'Hare, County Atty., Orange County, Goshen, N. Y., for defendant Egan.

Before CLARK, Circuit Judge, and CLANCY and IRVING R. KAUFMAN, District Judges.

CLARK, Circuit Judge.
Plaintiffs herein have instituted three separate actions, consolidated for hearing,

in which they seek injunctions against the District Attorney and the County Judge for Orange County, New York, prohibiting the introduction of certain evidence against them in pending criminal proceedings in the state county court. The facts were stipulated, and the actions have been submitted and fully heard before a special statutory three-judge court.

█ At issue is the power of a federal court to enjoin the use in a state court of illegally obtained evidence. From the facts it appears that Hornbeck, the plaintiff in the third action, is charged with rape in the second degree on indictment by the Orange County Grand Jury. New York law requires corroborative evidence for conviction. The State plans to rely for such evidence on recordings of certain telephone conversations between Hornbeck and the complaining witness made subsequent to his arrest, but prior to indictment. Implicit in these recordings is his admission of their illicit relations. The District Attorney does not dispute that he induced the complainant to undertake the calls and to secure the desired admissions without Hornbeck's knowledge that they were being recorded for use against Hornbeck on subsequent trial.

The two De Vasto cases involve, in addition to the admissibility of similarly recorded telephonic conversations, a further question as to evidence secured during an illegal search and seizure. Police officers of Orange County entered the De Vasto premises in Newburgh, New, York, and there seized certain gambling equipment. Francis De Vasto, Arthur Frangello, and Albert Frangello were also arrested at that time for the alleged misdemeanor of conducting a horse-betting establishment. The officers did not have either a search warrant or a warrant for the arrest of the three defendants at this time. Later, Michael De Vasto, not present at the time of the raid, was charged by the Orange County Grand Jury with being one of the proprietors of the gambling establishment raided. It is not contested that the fruits of the seizure and of the intercepted telephonic communications were used as evidence before the Grand Jury and will also be used as evidence upon trial of the indictments in the state court.

█ The New York Const. Art. I, § 12, provides that telephone wires may be tapped when a magistrate's ex parte order or warrant is issued upon oath or affirmation that there is reasonable ground to believe that evidence of crime may thus be obtained. In the two De Vasto cases, such an order was secured. In the Hornbeck case, however, the wire tapping occurred without complying with the New York state procedure; but it appears that the absence of the magistrate's order will not bar the use of these recordings in the state court. Trial has previously been had on the Hornbeck indictment, at which time the evidence was admitted by the trial court over counsel's objection that it violated the Federal Communications Act. Hornbeck was convicted; and although the conviction was reversed on appeal, People v. Hornbeck, 277 App.Div. 1136, 101 N.Y.S.2d 182, the appellate court expressly indicated its approval of the trial court's ruling on counsel's objection. Moreover, the defendants make no contention in regard to either the De Vasto or the Hornbeck recordings that exclusion is likely in the pending proceedings. We must assume, therefore, that the trial courts in question will adhere to the New York precedents and admit all the evidence objected to in this instance. It is undisputed that this evidence would be inadmissible in a federal criminal prosecution. Nardone v. United States, 302 U.S. 379, 58 S.Ct. 275, 82 L.Ed. 314; Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652.

The injunctions are sought under the Civil Rights Act, 8 U.S.C.A. § 43, with consequent federal jurisdiction as stated in 28 U.S.C.A. § 1343. The asserted grounds are that the recordings of telephonic communications were obtained by the state officers, contrary to the provisions of the Federal Communications Act, 47 U.S.C.A. § 605, and, in the two De Vasto actions, that evidence has also been obtained by illegal search and seizure, contrary to the Fourth

Amendment of the United States Constitution.

Clearly this second issue is effectively closed to us by the Supreme Court's most recent decision in Stefanelli v. Minard, 72 S.Ct. 118, 120, rendered after the hearing below. Relying principally on Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782, and Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 882, 87 L.Ed. 1324, the Court said: "We hold that the federal courts should refuse to intervene in State criminal proceedings to suppress the use of evidence even when claimed to have been secured by unlawful search and seizure." The principle of humble deference to the delicate balance between state and federal court systems there cited is as controlling here. Since, as the Supreme Court indicated, the fact that petitioners may suffer conviction in the New York courts on the basis of evidence sought to be excluded is not an "irreparable injury, clear and imminent," the injunctions must be denied as long as a remedy sufficient to redress their alleged injury lies through the state's appellate procedure with right of petition for certiorari to the United States Supreme Court. The provisions of the Civil Rights Act cannot override this elemental discretionary rule which federal courts of equity must respect.

Plaintiffs, however, seek to distinguish the question presented by the wiretap evidence. But even if such evidence must be excluded in the courts of the states in criminal proceedings because of the force of the Federal Communications Act, 47 U.S.C.A. § 605—as we do not now determine—the effectuation of such a federal mandate cannot be brought about by a federal court of equity intervening prior to trial in the state court. The injunction will issue only against threatened prosecution when there is a clear showing of irreparable injury "both great and immediate." Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 95, 55 S.Ct. 678, 681, 79 L.Ed. 1322. Petitioners in the case at bar have been unable to assert such a threatened injury. There is no danger of a multiplicity of suits. See Cline v. Frink Dairy Co., 274 U.S. 445, 47 S.Ct. 681, 71 L.Ed. 1146. Nor will the single action which is imminent destroy of itself some valuable right. See A. F. of L. v. Watson, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873; Wolf v. Colorado, supra. There is no question here of the subsequent enforcement of an unconstitutional state penalty statute. See Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714; Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131. In the absence of such extraordinary circumstances the petitioners may still secure adequate review of the admissibility of any evidence upon which their convictions may be based by appeal through the state courts and on up to the Supreme Court, and therefore a decent respect for the independence of state procedure requires us to deny the injunction. This is the clear rule of Douglas v. City of Jeannette, supra, again reiterated in Stefanelli v. Minard, supra.

In each of the actions the clerk is directed to enter judgment forthwith for the defendants.