**August A. VAN DAELE, Plaintiff,**

**v.**

**Henry VINCI, Certified Grocers of Illinois, Inc., an Illinois corporation, George Nepil, Gerhard R. Hook, Henry Vree, David Weiss, Ben Taubin, Peter Reviglio, Anthony Sobbe, Peter Zammuto, Sam Rizzo, Jack Cherpak, and Gaston Armour, Defendants.**

No. 68 C 1621.

United States District Court
N. D. Illinois, E. D.

Dec. 23, 1968.

Pressman & Hartunian, Chicago, Ill., for plaintiff.

W. Donald McSweeney, Barry L. Kroll and Gary L. Mowder, Chicago, Ill., for individual defendants, Schiff, Hardin, Waite, Dorschel & Britton, Chicago, Ill., of counsel.

Harry L. Rudnick and Paul D. Rudnick, Chicago, Ill., for defendant, Certified Grocers of Illinois, Inc.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

ROBSON, District Judge.

The defendants have moved to dismiss. This court is of the opinion that the motion should be granted.

The plaintiff, August A. Van Daele, is a former member of the defendant Certified Grocers of Illinois, Inc. ("Certified"), a cooperative association. The defendant Henry Vinci is Chairman of the Board of Certified, and the remaining individual defendants are directors of that association. In 1967, the plaintiff instituted a derivative action against the management of Certified in the Circuit Court of Cook County, Illinois (Van Daele v. Vinci, 67 CH 5843). In that action, the plaintiff sought to recover funds allegedly mulcted from Certified by one Jack Walsh, an employee in charge of Certified's building program. On March 4, 1968, Certified, by its officers, filed an action against Walsh and others, to recover these allegedly defrauded funds. Certified Grocers of Illinois, Inc. v. Jack R. Walsh et al., 68 CH 1056.

In October, 1967, the plaintiff had two conversations with an Internal Revenue Service special agent regarding the alleged theft of Certified's monies. Nearly a year later, on August 20, 1968, the defendant Gerhard R. Hook, in his capacity as Secretary of Certified, sent a letter to the plaintiff notifying him of a special Board of Directors meeting on September 4, 1968. The letter stated that the purpose of the special meeting was to determine whether good cause existed for censoring, suspending or expelling the plaintiff as a member of Certified pursuant to the association's by-laws. The letter specifically charged the plaintiff with

(1) refusing to disclose information regarding the Construction Program to the Board and its Investigation Committee (of which plaintiff was a member), thereby prejudicing Certified's rights and remedies;

(2) voluntarily disclosing valuable and privileged information about Certified to the Internal Revenue Service and the State's Attorney of Cook County without first making such information available to the Board and without the knowledge, approval or authorization of the Board;

(3) disruption of Certified's conduct of business by harassment of the management and membership;

(4) intentionally making untrue, misleading and disparaging state-

ments concerning Certified and its officers, directors and management, injuriously affecting their standing, prestige and influence;

(5) agreeing to assist a Certified creditor in a disputed claim by making available names of other creditors who might join in a bankruptcy petition against Certified;

(6) interceding in negotiations between Certified and certain named debtors and creditors, in an attempt to thwart Certified's legitimate pursuit or defense of such claims; and

(7) engaging public relations counsel to publicize charges against Certified in the news media immediately preceding the annual meeting of November 7, 1967, thereby damaging Certified's prestige and standing in business and financial circles.

As a result of the Board hearing (attended by the plaintiff and his counsel), a resolution was adopted expelling the plaintiff from Certified. Charges numbered (1), (3), (4), (6), and (7) were concluded to be satisfactorily proven and were found to constitute good cause for disciplinary action against the plaintiff.

The plaintiff filed this action on September 3, 1968, the day before the Board's special meeting. The original one-count complaint alleges that the letter of August 20, 1968, by reason of charge numbered (2), was a threat calculated to intimidate the plaintiff as a witness and source of information for the Internal Revenue Service, or was a punishment for plaintiff's cooperation with that agency. By merely sending this letter, the plaintiff claims that the defendants attempted to evade or defeat a tax imposed by the Internal Revenue Code.

The plaintiff filed an amended three-count complaint on October 4, 1968. Count One substantially embodies the allegations of the original complaint.

Counts One and Two invoke jurisdiction under Title 28 U.S.C. §§ 1331(a) and 1340; Title 18 U.S.C. §§ 4, 371 and 1505; Title 26 U.S.C. §§ 7201 and 7212, and "the common law of the United States." Counts One and Two characterize the defendants' conduct in sending the letter containing the charges against the plaintiff and his subsequent expulsion as a reprisal or punishment for his cooperation with the Internal Revenue Service. He further claims that by reason of the foregoing conduct, the defendants violated federal criminal statutes, and thereby bestowed upon him the standing to bring a civil claim for damages in this court.

In Count Three, jurisdiction is invoked under Title 42 U.S.C. §§ 1983 and 1985(3), and the United States Constitution, Amendments I, V and XIV. The plaintiff alleges that the conduct of the defendants described in the previous two counts deprived him of his rights, privileges and immunities secured by the Constitution and laws of the United States. Under each of the three counts, he seeks actual and punitive damages in the sum of $1,750,000.

The defendants contend that this court lacks jurisdiction over the subject matter, that the complaint fails to state a claim upon which relief can be granted, and that in light of affirmative matters set forth in the defendants' pleadings, the plaintiff is unable to state a cause of action upon which relief may be granted.

Five of the statutes cited by the plaintiff in the jurisdictional allegations of Counts One and Two are federal penal statutes (misprision of felony, conspiracy to commit an offense or defraud the United States, obstruction of proceedings before agencies of the United States, attempt to interfere with administration of internal revenue laws, and attempt to evade or defeat a federal tax). Violation of a federal penal statute alone does not afford federal question jurisdiction in a civil case. Oppenheim v. Sterling, 368 F.2d 516 (10th Cir.

1966), cert. den. 386 U.S. 1011, 87 S.Ct. 1357, 18 L.Ed.2d 444 (1967). A private citizen is not entitled to seek damages for violation of a penal statute unless the statute is a regulatory measure enacted for the benefit of a certain class of which the plaintiff is a member. Odell v. Humble Oil Company, 201 F.2d 123 (10th Cir. 1953). There has been no such showing here. These statutes, therefore, do not provide the plaintiff with a civil remedy.

The plaintiff also cites 28 U.S.C. § 1340, which confers federal jurisdiction over civil actions arising under the internal revenue laws. However, since the two sections of the Revenue Code allegedly violated are criminal statutes not providing for civil actions, this allegation of jurisdiction is frivolous and insubstantial.

■ Finally, Counts One and Two allege federal jurisdiction exists by reason of 28 U.S.C. § 1331(a), which is applicable to actions arising under a federal law when the matter in controversy exceeds $10,000. The plaintiff has cited a total of six other federal statutes in its jurisdictional allegations in these counts. As discussed individually in this opinion, none of these statutes is relevant to this case. Where there is no logical relation between the plaintiff's case and the federal law on which he bases his jurisdictional assertion, this court does not have "federal question" jurisdiction. Bowman v. White, 388 F.2d 756 (4th Cir. 1968).

■ In Count Three the plaintiff alleges that this court has jurisdiction by reason of 42 U.S.C. §§ 1983 (civil action for deprivation of rights) and 1985(3) (conspiracy to interfere with civil rights). The allegations fail to state a cause of action under these statutes on several grounds. First, the defendants did not act under color of law, required expressly by § 1983 and held applicable also to § 1985(3). See Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951); Huey v. Barloga, 277 F.Supp. 864 (N.D.Ill.1967). The

defendants are private individuals and a private corporation. The only factual basis the plaintiff asserts in support of his allegation of state action is that Certified received its charter under state law and that it acted pursuant to bylaws adopted under its charter in the expulsion action. Merely acting under a state license is not state action within the context of the civil rights acts. Weyandt v. Mason's Stores, Inc., 279 F. Supp. 283 (W.D.Pa.1968). Secondly, the plaintiff has not been deprived of any federally protected right, as required by the civil rights acts. He asserts that he was deprived of membership in Certified. Property rights are not protected by this legislation. McManigal v. Simon, 382 F.2d 408 (7th Cir. 1967); Gray v. Morgan, 371 F.2d 172 (7th Cir. 1966). He also alleges that he was deprived of his right to speak to an Internal Revenue agent by reason of a conspiracy perpetrated by the defendants. This is a conclusory allegation without any factual substantiation in the pleadings. Count Three, therefore, also fails to establish a basis for this court's jurisdiction.

■ Even if this court had jurisdiction under the many statutes invoked, the facts set forth in the amended complaint fail to show that these statutes have been violated. In a motion to dismiss, facts well pleaded must be taken as true. However, unsupported conclusions of the pleader may be disregarded, especially when negated by the substance of facts pleaded. Oppenheim v. Sterling, supra. The amended complaint ascribes sinister motives to the defendants in expelling the plaintiff from Certified. These conclusions and characterizations are not substantiated in the pleadings. Pursuant to Rule 12(b), the defendants have offered, by the affidavit of Certified's attorney, the entire contents of certain documents quoted only in part and out of context in the plaintiff's pleadings. Exhibit A to the affidavit contains the letter from the Board notifying the plaintiff of the numerous charges of improper conduct

filed against him and of the special meeting. This letter, in its entirety, negates any inference that in sending it the defendants engaged in conduct proscribed by federal criminal statutes or were otherwise undertaking any action in deprivation of the plaintiff's constitutional rights. Exhibit C contains the resolution of the Board adopted on September 17, 1968, which clearly states that the plaintiff was not "punished" for the reason he claims, i. e., his disclosures to an Internal Revenue agent.

For the foregoing reasons, it is ordered that the defendants' motion to dismiss is hereby granted and the action is hereby dismissed, with costs to the plaintiff.