**Juan MONTAÑEZ et al., Plaintiffs,**

**v.**

**COLEGIO DE TÉCNICOS DE REFRIGERACIÓN Y AIRE ACONDICIONADO DE PUERTO RICO et al., Defendants.**

**Civ. No. 819–71.**

United States District Court, D. Puerto Rico.

Feb. 23, 1972.

Pedro E. Purcell Ruiz, Santurce, P. R., for plaintiffs.

Jose A. Anglada Segarra, Dept. of Justice, Luis G. Estades, San Juan, P. R., Raymon J. Compton, Hato Rey, P. R., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

TOLEDO, District Judge.

This is an action for injunctive, declaratory and other equitable relief filed by plaintiffs, licensed mechanics and technicians of refrigeration and air conditioning, against Colegio de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico; Pedro Rivera Rojas; Salvador Maldonado; Enrique Serrano and Board of Examiners of Refrigeration and Air Conditioning Technicians of the Commonwealth of Puerto Rico and its members, Fernando L. Pérez, José W. Alvarez, Benjamín Texeira, Luis A. del Valle and Jorge E. Quiñones. Jurisdiction of this Court is asserted on the basis of Section 1983 of Title 42, United States Code Annotated, and Section 1343(3) of Title 28, United States Code Annotated. The aforesaid remedies are sought on the alleged basis that defendant, Colegio de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico, herein Colegio, and its alleged officers and directors, have attempted to impose membership upon the plaintiffs and have threatened and are threatening plaintiffs with the loss and revocation of their licenses to practice their trade, un-

less plaintiffs comply with certain conditions as a prerequisite to maintain the practice of their trade in violation of their civil rights as protected by 42 United States Code Annotated 1983.

On November 2, 1971, the complaint was amended to include the Board of Examiners of Refrigeration and Air Conditioning, herein called Board of Examiners, and its members. It is alleged in the amended complaint that said additional defendants have aided and assisted the Colegio and its officers and directors, in the Colegio's alleged illegal attempt to deprive plaintiffs of their licenses and to practice their trade by refusing and failing to follow the statutory procedures necessary as a prerequisite to forming a legal and de jure "Colegio" as provided by Law No. 36 of May 20, 1970 (20 L.P.R.A. 2067) and by threatening plaintiffs with loss of their licenses and their right to practice their trade unless they become and remain members of the Colegio.

On November 9, 1971, the defendants were ordered to appear before this Court to show cause why a preliminary injunction should not be issued in this case pending judgment by this Court in the complaint, and request for declaratory judgment and permanent injunction filed by plaintiffs. On the date scheduled for the hearing of the Order to Show Cause all parties appeared, either personally or represented by counsel. All of the defendants filed motions to dismiss on that same date and argument was waived by said parties. The plaintiffs were further granted additional time to properly file their answer to defendants' motion.

On the basis of the foregoing, the briefs and record in the above captioned cause, and otherwise being duly advised on the premises, the Court makes the following:

## FINDINGS OF FACT

Plaintiffs are licensed mechanics and technicians of refrigeration and air conditioning equipment in and for the Commonwealth of Puerto Rico.

Codefendant, Colegio, is a professional entity organized pursuant to the provisions of Law No. 36 of May 20, 1970 (20 L.P.R.A. 2051–2081).

Codefendants, Pedro Rivera Rojas, Rafael Maldonado and Enrique Serrano are the President, Secretary and Treasurer of the Colegio, respectively.

Codefendant, Board of Examiners, is an entity created pursuant to Law No. 36 of May 20, 1970, (20 L.P.R.A. 2067), entrusted thereby with the devising procedures as provided by law for the creation of a quasi-public corporation under the name of Refrigeration and Air Conditioning Technicians Association of Puerto Rico, Law Number 36, May 20, 1970 (Title 20 L.P.R.A., 2051–2081).

On March 7, 1971, a referendum was held in Arecibo, Puerto Rico, by codefendant Board of Examiners in accordance with the provisions of the aforementioned Law No. 36 of May 20, 1970 (20 L.P.R.A. 2067), to decide if licensed mechanics and technicians of refrigeration and air conditioning equipment favored the establishment of the Colegio de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico. As the eligible voters amounted to 1,408 and there was no quorum in that meeting in Arecibo, the Board of Examiners decided to add a new voting method to ascertain the will of the licensed mechanics, namely, the mailing of ballots to the mechanics and licensed technicians. It is plaintiffs' allegation in this connection that they were visited in their homes and their vote requested, apparently, by Colegio's officers.

The complaint continues alleging that Law No. 36, 20 L.P.R.A. 2067, was violated because that statute states as follows:

"Six (6) months after the date following the effectiveness of this act and for the purpose set forth in this section, the Chairman of the Board of Examiners of Refrigeration and Air Conditioning Technicians of Puerto Rico shall proceed to hold a referendum to determine whether or not the

constitution of the Association is desired and shall publish during two (2) consecutive days and in two (2) newspapers of general circulation a notice announcing the referendum to be held. The Board may use the services of the refrigeration and air conditioning technicians duly licensed to assist in the holding of the referendum. The Board may carry out the consultation by mail *or* by other means which it may deem proper. In said referendum all refrigeration and air conditioning technicians shall participate who, at the time of its holding, possess a license duly issued by the Board to practice the trade. Answers shall be categorical, in the affirmative or negative, and handwritten by the interested party and shall be open to free inspection by any technician who may so request at the offices of the Board.

In case the consultation is carried out by mail, the Board shall grant a reasonable period of time for forwarding the answers. After said term has elapsed it shall proceed to determine the result of the referendum.

After the majority of the technicians consulted have expressed themselves in favor or against the referendum, the Board shall report in writing, to the Governor of the Commonwealth of Puerto Rico, the result thereof".

Thus, plaintiffs main contention against both defendants, is that the Board of Examiners violated Law No. 36, supra, by submitting the vote to two referendums when the statute provides that the Chairman of the Board of Examiners shall proceed to hold one referendum.

The complaint also states that defendant Colegio de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico held various meetings and that some irregularities were committed in those meetings and specifically that in the meeting of September 19, 1971, "a membership fee of $75.00 per year was set and no discussion was allowed by those presiding the meeting, but the fee was finally approved."

Plaintiffs complain that the fee is excessive, abusive and an obstacle for the licensed technicians to continue to work. The complaint also contains allegation to the effect that the conduct of all defendants has violated plaintiffs' right to express freely their opinion for or against the establishment of the Colegio. It is further alleged against defendant Colegio, that due process has not been provided to plaintiffs as they have been deprived of their property rights in violation of the due process clause of the Constitution of the United States.

It is finally alleged that the controversy between the parties is precisely whether or not the civil rights of plaintiffs have been violated by defendants' action under color of law.

The plaintiffs ask for injunctive relief and other legal remedies including to declare the referendum of March 7, 1971 and, consequently, the alleged professional association, Colegio, null and void.

On November 9, 1971, the defendants filed motions to dismiss the complaint on the grounds that this Court does not have jurisdiction over the parties or the subject matter by virtue of 42 United States Code Annotated 1983 and 28 United States Code Annotated 1343(3).

In view of the above findings of fact, the Court makes the following:

## CONCLUSIONS OF LAW

The present case entails no question as to the validity of Law Number 36 of May 20, 1970, since plaintiffs concede its constitutionality. What petitioners take issue with, is the manner in which defendants have interpreted the law. Plaintiffs request that we declare the March 7, 1971 referendum, null and void. The substance of petitioners' contention in this regard is only a matter of interpretation of Article 17 of Law 36 of May 20, 1970. It has been unequivocally established that this Court should abstain from ruling on the interpretation of local statutes until the Com-

monwealth Courts have had an opportunity to do so. Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed. 2d 174; Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515, decided Jan. 19, 1971 by the United States Supreme Court. The cases of Bonet v. Yabucoa Sugar Co., 306 U.S. 505, 307 U.S. 613, 59 S.Ct. 626, 83 L.Ed. 946 and Bonet v. Texas Co. (P. R.) Inc., 308 U.S. 463, 471, 60 S.Ct. 349, 84 L.Ed. 401, are a clear indication that Federal Courts should not indulge in the interpretation of local statutes since in those cases it was emphatically stated that deference to local procedure warrants federal interpretation of local law only when Commonwealth Courts have previously ruled upon them, and have made an inescapably wrong interpretation. In the case of Bonet v. Yabucoa Sugar Co., supra, 306 U.S. at page 510, 59 S.Ct. at page 629, the following was stated:

"Orderly development of the government of Puerto Rico as an integral part of our government system is well served by a careful and consistent adherence to the legislative and judicial policy of deferring to the local procedure and tribunals of the island."

The Supreme Court of the United States stressed the following in the case of Bonet v. Texas Co., supra:

"We now repeat once more that admonition. And we add that mere lip service to that rule is not enough. To reverse a judgment of a Puerto Rican tribunal on such a local matter as the interpretation of an act of the local legislature, it would not be sufficient if we or the Circuit Court of Appeals merely disagreed with that interpretation. Nor would it be enough that the Puerto Rican tribunal chose what might seem, on appeal, to be the less reasonable of two possible interpretations. And such judgment of reversal would not be sustained here even though we felt that of several possible interpretations that of the Circuit Court of Appeals was the most reasonable one. For to justify reversal in such cases, the error must be clear or manifest; the interpretation must be inescapably wrong; the decision must be patently erroneous."

The Federal Courts have generally demanded proof that irreparable injury will be clear, imminent and under extraordinary circumstances in order to grant injunctive remedy. De Vasto v. Hoyt, 101 F.Supp. 908 (D.C.1951); Hosey v. Club Van Cortlandt et al., 299 F. Supp. 501 (D.C.1969). In the case at bar there is definitely no showing of a clear and imminent danger that plaintiffs will suffer irreparable damage if the injunctive relief sought is not granted. The plaintiffs allege that the acts and conduct of the defendants will cause them irreparable injury in that they will not be able to work. In this context they add that their salaries range from $90.00 per week to in excess $200.00 per week. A careful look at the petition and an incursion into the allegations of the case reveals that what would bar the plaintiffs from working as licensed Refrigeration and Air Conditioning Technicians would be the failure on their part to pay the required fee as established by the Colegio de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico. It should be pointed out at this juncture, that before a licensed technician is suspended for failure to pay his dues, an administrative hearing must be held in order to determine the propriety of the administrative sanction. (Article 12, Law 36, of May 20, 1970). There is no reason why the plaintiffs cannot pay the membership fee under protest, while at the same time initiate either administrative action through the Board or judicial action through appropriate local courts.

We will now consider the legal situation concerning the controversy allegedly existing between plaintiffs and defendants Colegio de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico; Pedro Rivera Rojas; Salvador Maldonado and Enrique Serrano, as disclosed by the complaint and these defendants' motion to dismiss. These defendants have alleged in their motion to

dismiss that the amended complaint fails to state a cause of action under Section 1983 of Title 42, United States Code Annotated, and Section 1343(3) of Title 28, United States Code Annotated, and also that this court lacks jurisdiction upon the subject matter of this action inasmuch as plaintiffs' claim does not arise under the Constitution or any laws of the United States of America and, consequently, jurisdiction is not granted by Section 1983 of the Civil Rights Act.

■ At the outset, it should be pointed out that two elements are necessary for recovery under the Civil Right Law:

1.—Conduct complained must have been done by some persons acting under "color of state law."

2.—Such conduct subjected movant to deprivation of its rights, privileges and immunities secured to him by the Constitution and laws of the United States.

In the involved action against Colegio and its officers, plaintiffs have not met such indispensable requirements. As stated, defendant, Colegio de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico; Pedro Rivera Rojas; Salvador Maldonado and Enrique Serrano, are private persons allegedly acting "vis-a-vis" plaintiff on the basis of codefendant, Board of Examiners' action as an instrumentality of the Commonwealth of Puerto Rico, as more fully explained above.

■ The requirements that the action be taken under color of state law is a "sine qua non" requisite for the establishment of a claim for relief under Civil Right Statutes giving right of action, in tort or injunction, to every individual whose federal rights are usurped by any person acting under color of state law. Although state officers are usually the only people who can act with the authority of the state in order to be a misuse of power derived from the state, state action can be established if defendants who are not involved with the state are, notwithstanding, "willful participant in joint activity with the State or its

agents." United States v. Price, 383 U. S. 787, 793, 86 S.Ct. 1152, 1157, 16 L. Ed.2d 267 (1966); Bryant v. Donnell, 239 F.Supp. 681 (D.C.1965).

"Test of color of law can rarely be satisfied in the case of anyone other than a state official." Weyandt v. Mason's Store, Inc., 279 F.Supp. 283 (D.C. 1968).

■ This Court is aware of the fact that some cases have implied that private individual who join or cooperate with state officers acting under color of state law may be subjected to civil liability under Section 1983, but in this case plaintiffs have failed to allege that defendants, Colegio and its officers and codefendant Board of Examiners, have acted "in willful concert" so as to come within the judicial requirements of the Civil Rights Act. United States v. Guest, 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966).

We have seen that the amended complaint is completely devoid of allegations that the Colegio and Board have acted in willful concert against plaintiffs in this case.

As it has been established that Colegio de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico; Pedro Rivera Rojas; Salvador Maldonado; Enrique Serrano and Board of Examiners of Refrigeration and Air Conditioning Technicians of the Commonwealth of Puerto Rico and its members Fernando L. Pérez; José W. Alvarez; Benjamin Texeira; Luis A. del Valle and Jorge E. Quiñones, are a private association and persons, respectively, they cannot be liable under Section 1983 because they did not act under color of law as required expressly by Section 1983.

■ Plaintiffs also complain that Colegio received its charter or license to act in relation to plaintiffs by codefendant Board of Examiners, which is an instrumentality of the Commonwealth of Puerto Rico. In that connection, plaintiffs claim that the Board of Examiners and Colegio acted pursuant to Law Number 36, supra, but this Court is per-

suaded that merely acting under state license or charter is not a state action within the context of the civil rights laws. *Weyandt,* supra; Van Daele v. Vinci, 294 F.Supp. 71 (D.C.1968).

More than that must be alleged. It must be alleged that defendants, who are private persons, and a private institution, acted in conspiracy with a state officer against plaintiffs' rights, privileges and immunities. Haldane v. Chagnon, 345 F.2d 601 (9 Cir. 1965); Shakespeare v. Wilson, D.C., 40 F.R.D. 500, 504–505.

Accordingly, we conclude that defendants' (Colegio de Técnicos de Refrigeración y Aire Acondicionado de Puerto Rico; Pedro Rivera Rojas; Salvador Maldonado; Enrique Serrano and Board of Examiners of Refrigeration and Air Conditioning Technicians of the Commonwealth of Puerto Rico and its members, Fernando L. Pérez, José W. Alvarez, Benjamín Texeira, Luis A. del Valle and Jorge E. Quiñones) action as to plaintiffs, was not done under the color of state law or state authority under the ambit of the allegations of the amended complaint and under the judicial precedents herein mentioned that this Court considers applicable to the facts and circumstances of this case.

In their complaint, plaintiffs also allege that defendants' action herein allegedly deprived them of their right to make and enforce employments' contracts and because of that they have been deprived of property rights. But this Court deems unnecessary to resolve at this time such an issue in view of the preceding conclusions of law which dispose of the present action.

In view of the foregoing findings of fact and conclusions of law, the preliminary injunction requested by plaintiffs in the complaint herein, is hereby denied. A judgment will be entered accordingly.

## JUDGMENT

The Court, having entered its Findings of Fact and Conclusions of Law in the above entitled case and pursuant to said opinion entered on February 23, 1972, hereby enters the following judgment:

It is ordered, adjudged and decreed, that the preliminary injunction requested by plaintiffs be and hereby is denied; and it is further

Ordered, adjudged and decreed, that in view of the recent decisions of the First Circuit Court of Appeals in the cases of T. M. T. Trailer Ferry, Inc. v. Union de Tronquistas de Puerto Rico, Local 901, (453 F.2d 1171 decided on December 20, 1971) and Santiago et al. v. Corporación de Renovación Urbana y Vivienda de Puerto Rico et al., 453 F.2d 794 (decided on January 5, 1972), the petitioners are hereby given ten (10) days to come forward, by way of a motion and move the Court to consider the permanent injunction requested in the original complaint,* and it is further

---

* In the case of T.M.T. Trailer Ferry, Inc. v. Unión de Tronquistas de Puerto Rico, Local 901, supra, plaintiff argued that the District Court of Puerto Rico erred in dismissing the complaint, which also sought permanent injunctive relief and damages, on the basis of a hearing which was called to consider only plaintiff's request for a preliminary injunction. The First Circuit Court of Appeals in answering said argument stated:

"While it is true, as defendant contends, that a court has the power under Fed.R.Civ.P. 65(a) (2) to determine both the merits of the complaint and a request for temporary relief at a single hearing, the exercise of that power is tempered by the requirement that the court inform the parties 'before or after the commencement of the hearing' that such action is contemplated. The district court in the case at bar at no time prior to completion of plaintiffs' case put plaintiff on notice that the scope of the scheduled hearing would include a decision on the merits of the complaint. The court at no time 'ordered' the consolidation of plaintiff's request for a preliminary injunction with his claim for permanent injunctive relief and damages."

Said position was again reasserted by the First Circuit Court of Appeals in the case of Santiago et al., v. Corporación de Renovación Urbana y Vivienda de Puerto Rico et al., supra.

Ordered, adjudged and decreed, that, if after said ten (10) days the above mentioned motion has not been filed, this Court will enter an Order denying the permanent injunction requested in the complaint and dismissing the complaint on the grounds stated in the Findings of Fact and Conclusions of Law and this Judgment.

It is so ordered.