**J. E. FAGUNDEZ et al., Plaintiffs-Appellants,**

**v.**

**OAKLAND RAIDERS PROFESSIONAL FOOTBALL CLUB, a California Partnership, et al., Defendants-Appellees.**

**No. 9–10.**

Temporary Emergency Court of Appeals.

June 24, 1974.

Edmund B. Schultz, Pleasant Hill, Cal., for plaintiffs-appellants.

Herman Cook, Hardin, Cook, Loper, Engel & Bergez, Oakland, Cal., for defendants-appellees.

## OPINION

Before CARTER, CHRISTENSEN and ESTES, Judges.

CARTER, Judge.

The plaintiffs commenced a class action on behalf of themselves and all season and individual game ticket purchasers of the Oakland Raiders Professional Football Club, seeking to recover damages from the Oakland Raiders Club and others based on an alleged violation of Executive Order 11615 issued August 15, 1971, arising from a prior sale of season tickets to home football games of the Raiders. Admittedly, the Raiders increased ticket prices over and above the prices charged for the 1970 season tickets. The increase amounted to 50 cents for all seats other than box seats, which were increased by $1.00.

Although the complaint lists only the Executive Order as the source of plaintiffs' legal rights, plaintiffs also appear to contend that they have a right under Section 210(a) of the Economic Stabilization Act Amendments of 1971 to recover the amount of the price increase and a right under Section 210(b)(2) to recover treble damages and attorneys' fees. December 22, 1971, P.L. 92–210, 85 Stat. 743. Plaintiffs also appear to base their right of recovery upon the Economic Stabilization Act of 1970. August 15, 1970, P.L. 91–379, 84 Stat. 799.

This appeal is taken from an order of the United States District Court for the Northern District of California, dismissing plaintiffs' amended complaint.

■ Neither the Economic Stabilization Act of 1970, *supra*, nor Executive Order No. 11615 (August 15, 1971) expressly creates a private cause of action for damages. *See*, Acorn Iron & Supply Co. v. Bethlehem Steel Co. (E.D.Pa. 1951) 96 F.Supp. 481 (Defense Production Act of 1950 imposed quotas but did not expressly authorize private damages actions for violation of the quotas).

Nor does the Act by implication create a private cause of action for damages. The Act has been held to be a penal statute. United States v. Futura, Inc. (D.C.N.D.Fla.1972) 339 F.Supp. 162, 166. Courts have refused to find an implied private cause of action under penal statutes. Van Daele v. Vinci (N.D.Ill., 1968) 294 F.Supp. 71, 74 (involving various federal penal statutes); Chavez v. Freshpict Foods, Inc. (10 Cir. 1972) 456 F.2d 890, 894 (involving the Immigration and Nationality Act and the Farm Labor Contractor Registration Act of 1963); Daly v. Columbia Broadcasting System, Inc. (7 Cir. 1962) 309 F.2d 83, 85 (The Communications Act of 1934); Odell v. Humble Oil & Refining Co. (10 Cir. 1953) 201 F.2d 123 (action based on 18 U.S.C. § 1503).

For a case where the penal or non-penal character of the statute was not discussed, see National Railroad Passenger Corp. v. National Association of Railroad Passengers, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974) (Provisions in Amtrak Act for public enforcement by Attorney General negated any implied right of action for private parties).

■ Plaintiffs have no cause of action based on the 1971 Amendment Act, because that Act was enacted at least four and one-half months after plaintiffs had purchased and received their tickets. Statutes are given only prospective application unless there is a clear and unambiguous legislative intent that they are to operate retroactively. Hassett v. Welch, 303 U.S. 303, 314, 58 S.Ct. 559, 82 L.Ed. 858 (1938); Greene v. United States, 376 U.S. 149, 160, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964); Soria v. Oxnard School District Board of Trustees (9 Cir. 1972) 467 F.2d 59, 60.

No such intent to make the 1971 Act applicable retroactively so as to create a cause of action ex post facto appears in the statute or the legislative history. Section 211(h) of the 1971 Act, dealing with judicial review, is the only amendment providing for retroactive application.

The judgment is affirmed.